## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATRINA HOLTORF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV259 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FRATERNAL ORDER OF THE EAGLES, | ) | |
| LOCAL CHAPTER 200, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Travis Thorne Bennington to withdraw as counsel for the defendant (Filing No. 11).  The movant states the defendant asked him to withdraw because the defendant's insurance carrier intends to provide counsel.  **See** Filing No. 11.  There is no indication on the motion that moving counsel served his client with the pending motion.  **Id.**  The court notes no substitute counsel has yet appeared in this matter for the defendant.

Parties who are not natural persons may not appear pro se. ***Rowland v. California Men's Colony***, 506 U.S. 194, 203 (1993).  Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." ***Id.*** at 202.  "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally.  With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." ***Turner v. American Bar Ass'n***, 407 F. Supp. 451, 476 (E.D Tex 1975); **see** ***Harrison v. Wahatoyas***, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); ***Eagle Assocs. v. Bank of Montreal***, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** ***DCR Fund I, LLC v. TS Family Ltd. Partnership***, 261 Fed. Appx. 139 (10th Cir. 2008); ***First Amendment Foundation v. Village of Brookfield***, 575 F. Supp. 1207, 1207 (N.D. Ill.

1983) (partnership must be represented by attorney admitted to practice).   In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

As an initial matter, the defendant shall have an opportunity to respond to the motion to withdraw.  If the defendant fails to respond or obtains substitute counsel, the court will grant the motion to withdraw.  In the event the motion to withdraw is granted, failure to have substitute counsel enter an appearance may result in an order striking the answer.  **See** Fed. R. Civ. P. 55.  However, counsel shall not be given leave to withdraw as attorney for the defendant until substitute counsel has entered an appearance or other order of the court.  Accordingly,

**IT IS ORDERED:**

1.      Travis Thorne Bennington's motion withdraw as counsel for the defendant (Filing No. 11) is held in abeyance until October 25, 2011.

2.      The  defendant shall have until **on or before October 25, 2011**, to file a response to the motion to withdraw with the Clerk of Court.  If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3.      Moving counsel shall immediately serve a copy of this order on the defendant and file a certificate of service for such service.

DATED this 27th day of September, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

2